# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION
# IN ADMIRALTY

Denise Falvo,

    *Plaintiff*,

v.                                                      **CASE NO:**

Thomas Falvo, an individual,

    *Defendants*.

_____/

## **COMPLAINT**

      Plaintiff, Denise Falvo, sues Defendant, Thomas Falvo, for compensatory damages and alleges:

      1.      On April 26, 2021, Plaintiff Denise Falvo was a passenger on a 2019 Tidewater Center Console 32' boat (HIN# NLPYC111L819), owned and operated by Defendant, Thomas Falvo.

      2.      On April 26, 2021, Defendant Thomas Falvo was always the captain and master of the 2019 Tidewater Center Console 32' when the boat was underway. The boat was being operated in the navigable waters of the Gulf of Mexico off the coast of New Port Richey, Florida, which is within this district. On April 26, 2021, Defendant Falvo began the voyage in question from his dock behind his house in New Port Richey.

      3.      Jurisdiction is based on admiralty jurisdiction under 28 U.S.C. § 1333. Venue is proper in this district as it is where the tort occurred. This is an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h).

4. Before the voyage began Defendant Falvo did not give the passengers any instructions, including where to sit during the voyage.

5. During the voyage out to an area where the boat was going to go fishing, Defendant Falvo was operating the boat. He was going too fast for the sea and weather conditions. Defendant Falvo was operating the boat at a speed that was not safe for the passengers sitting in the bow area of the boat, which included the plaintiff. When the defendant was operating his boat at that speed the boat was bouncing and pounding when underway due to the speed, seas, and weather. At this time of the voyage the boat was out into the Gulf of Mexico.

6. On April 26, 2021, when the boat was being operated by the defendant, he had loud music being played on the boat's speakers. Plaintiff yelled to the defendant asking him how fast the boat was going. The defendant signaled by hand to the plaintiff that the boat was going 40 to 50 miles per hour. This speed was maintained despite the boat was continuing to pound, which in turn caused the plaintiff and other passengers who were seated in the bow of the boat to bounce up and down.

7. Despite the bow seated passengers clearly and noticeably being bounced up and down and pounded by the action of the boat on the waves, the defendant operated the boat at this speed for approximately four to five minutes after Defendant had signaled the boat was being driven at 40 to 50 miles per hour. After those four to five minutes, the boat hit a wave that threw the plaintiff about eighteen (18) inches into the air off of her seat. Plaintiff slammed back down onto her seat with her backside with great force, causing her serious permanent injuries. Plaintiff was unable to stop her body from being thrown up by the wave due to the force of the boat bouncing and pounding.

8. The plaintiff being bounced up and down in the bow of the boat due to the speed and waves was visible and obvious to the defendant, as he would have easily been able to see this happening right in front of him if he was keeping a proper lookout and caring for the safety of his passengers. The pounding of the boat was also obvious to the defendant, and he should have corrected the speed of the boat to stop its pounding and the effect the pounding was having on his passengers.

9. When the plaintiff flew up into the air due to the bouncing and pounding of the boat, she came down and was severely injured. The injury to the plaintiff was witnessed by plaintiff's son who immediately had the defendant stop the boat. Her son advised the defendant that his mother was hurt. Plaintiff tried to stand up after her injury. She was unable to stand due to her injury. At that point in the voyage the defendant proceeded back to the dock to at an appropriate slower speed.

10. Defendant Thomas Falvo had the duty under maritime law to use reasonable care under the circumstances for the safety of his passengers. This duty includes operating his boat at a safe speed with regard to his passengers and the effects the speed and waves are having on the ride and movement of the boat. Defendant also has the duty to operate his boat in accordance with the U.S. Coast Guard navigation rules of the road. This includes operating his boat at a safe speed (Rule 6) and keeping a proper lookout (Rule 5). The defendant also had the duty to operate his boat by using good seamanship which would dictate observing his passengers during the voyage to ensure they were not being adversely affected by the action of the boat.

11. Defendant Thomas Falvo breached its duty to Plaintiff Denise Falvo through the following acts of omission and commission:

    a.    By failing to operate his boat at a safe speed for the conditions in violation of navigation rule 6 and in violation of the rule of good seamanship;

    b.    By failing to keep a proper lookout for waves and weather in violation of navigation rule 5 and in violation of the rule of good seamanship; and

    c.    By failing to have his passengers sit in proper and safe locations of the boat so as to not expose them to the boat pounding and bouncing them out of their seats on the bow of the boat, and

    d.    By failing to maneuver his boat to avoid the waves which were causing the passengers in the bow to be thrown out of their seats.

12.    Defendant Thomas Falvo knew, or in the exercise of reasonable care should have known, that operating his boat at an excessive speed, causing his passengers seated in the bow area (front of the boat) to be pounding, bouncing in their seats, and getting thrown up in the air, would expose them to personal injuries.

13.    The defendant's breach of duty proximately caused Plaintiff's injuries, because had the defendant not operated his boat at the excessive speed, plaintiff would not have been thrown out of her seat and become injured.

14.    As a direct and proximate result of Defendant, Thomas Falvo's negligence and breach of its duties to Plaintiff, Denise Falvo, she sustained a severe injury to her back which resulted in surgery and other parts of her body resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, Denise Falvo, prays for a judgment to be entered against the Defendant, Thomas Falvo, for compensatory damages in the amount of $1,000,000.00, including prejudgment and post judgment interest and costs.

/s/ Jacob J. Munch
JACOB J. MUNCH
E-mail: jake@munchandmunch.com
Florida Bar Number 376523
CATHERINE M. SAYLOR
E-mail: casey@munchandmunch.com
Florida Bar Number 115593
MUNCH and MUNCH, P.A.
600 South Magnolia Avenue – Suite 325
Tampa, Florida 33606
Ph: (813) 254-1557 / Fax: (813) 254-5172
*Attorneys for Plaintiff, Falvo*

And

Riley H. Beam, FBN 0100512
Email:  eservice1@dougbeam.com
Douglas Beam, FBN 515604
Email:  eservice2@dougbeam.com
Douglas R. Beam, P.A.
25 West New Haven Avenue, Suite C
Melbourne, Florida 32901-4463
Phone: (321) 723-6591
Facsimile: (321) 723-5926
Co-Counsel for plaintiff